USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 0 3 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
FELIPE ADKINS,

         Plaintiff,

  -against-

CITY OF NEW YORK; HARRIS, *B.K.D.C. Security Captain, who works at Brooklyn House Detention Center*,:

         Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

19 Civ. 3628 (GBD) (DF)

GEORGE B. DANIELS, United States District Judge:

  Plaintiff Felipe Adkins, *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the City of New York (the "City") and Security Captain Dominique Harris of the Brooklyn Detention Complex ("B.K.D.C.") (collectively, "Defendants"), claiming that Defendants violated his civil rights by placing him in isolation for an extended period of time. (*See* Compl., ECF No. 2, at § V ("Facts").) The City moved to dismiss Plaintiff's complaint, (*see* Notice of Mot. to Dismiss, ECF No. 14; Mem. of Law in Supp. of Def. City of New York's Mot. to Dismiss the Compl. Pursuant to Fed. R. Civ. P. (12)(b)(6) ("Mot. in Supp."), ECF No. 15), and Plaintiff subsequently moved for leave to amend his complaint, (*see* Letter in Opp'n, ECF No. 30). Before this Court is Magistrate Judge Freeman's January 3, 2020 Report and Recommendation (the "Report," ECF No. 39), recommending that the City's motion to dismiss be granted and that Plaintiff be granted leave to amend his complaint. (*See* Report at 17–19.) In her Report, Magistrate Judge Freeman advised the parties that failure to file timely objections would constitute waiver of those objections on appeal. (*Id.* at 19.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

## I. FACTUAL BACKGROUND

Plaintiff's claims arise out of a series of events beginning with his detention in isolation from February 7 through February 15 of an unspecified year at the George R. Vierno Center on Rikers Island. (*See* Compl. at § V ("Facts"); Letter in Opp'n.) Shortly after his release from isolation, Plaintiff was transferred to the B.K.D.C., where he was informed that he still owed 10 days in isolation. (*See* Compl. at § V ("Facts").) Despite Plaintiff's protests that he had already completed this detention, he was again placed in isolation, which Plaintiff claims caused him to miss a court appearance at which he intended to "take a plea so that [he could] go home." (*See id.*) Because he was in isolation and could not attend his court appearance, it was adjourned to March 20 of that year. (*See id.*) Plaintiff states that he believes Defendant Harris did something to "override the computer" and send him back into isolation. (*See* Letter in Opp'n.)

On February 28, during his second period in isolation (the "Second Isolation"),[1] Plaintiff had a conversation with Captain Paige, whom he identifies as the "Box Captain," regarding paperwork relating to his detention. After reviewing the papers, he informed Captain Paige that he had already served his time in isolation while at Rikers Island. (*See* Compl. at § V ("Facts").) Despite Captain Paige telling Plaintiff that he was "100% right," Plaintiff was not released from isolation until March 5. (*See id.*)

After his release from his Second Isolation, Plaintiff was involved in a physical altercation with another inmate, during which he was cut on his back. Plaintiff asserts that the officer on duty was "being on [the other] inmates [sic] side" and that the officer "kept spraying [Plaintiff] and the officer wasn't spraying the attackers." (*See* "Letter in Opp'n.)

---

[1] Plaintiff's Second Isolation refers to the period of time he spent in isolation after his transfer to the B.K.D.C. This Court is not aware whether this was, in fact, only his second time serving in isolation throughout his entire detention.

2

Plaintiff claims that by detaining him in isolation for an extended period of time, Defendants (1) violated his constitutional rights, (2) acted "contrary to rules and regulations" (although notably, Plaintiff does not cite any specific Department of Corrections rule to support this statement), and (3) caused him injury by forcing him to miss his court proceeding and depriving him of recreational time. (*See* Compl. at §§ I ("Legal Basis for Claim"), 5 ("Injuries").)

## II. LEGAL STANDARDS

### A. Reports and Recommendations

This Court may accept, reject, or modify, in whole or in part, the findings set forth in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a report and recommendation, the court may adopt it if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 2005)). Clear error is present only when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Motion to Dismiss under Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

3

The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).[2]

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

*Pro se* litigants are generally "entitled to some latitude in meeting these requirements, as [their complaints] are held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Martinez v. Ravikumar*, 536 F. Supp. 2d 369, 370 (S.D.N.Y. 2008) (quoting *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997)). Additionally, because a court is constrained to review a *pro se* litigant's complaint liberally, it is "appropriate for the court to consider the factual allegations in the plaintiff's opposition materials to supplement the allegations in the complaint." *Brodsky v. Carter*, No. 15 Civ. 3469 (GBD) (DF), 2015 WL 13746671, at *6 (S.D.N.Y. Dec. 15, 2015) (citations omitted). Nonetheless, to withstand a motion to dismiss, "a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face." *Chukwueze v. NYCERS*, 891 F. Supp. 2d 443, 450 (S.D.N.Y. 2012) (citation omitted). "Even from pro se plaintiffs, '[b]ald

---

[2] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

4

assertions and conclusions of law are not adequate.'" *Ruotolo v. Fannie Mae*, 933 F. Supp. 2d 512, 524 (S.D.N.Y. 2013) (alteration in original) (citation omitted).

### III.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

As the Report properly found, Plaintiff's allegations do not state a claim for relief under § 1983 against the City. (*See* Report at 12–15.) It is well settled that a municipality may be held liable under § 1983 "for the violation of a person's civil rights only if the moving force behind that violation was an official policy or custom of the municipality." *Williams v. Town of Southington*, 205 F.3d 1327 (2d Cir. 2000) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–94 (1978)). Thus, to prevail on a § 1983 claim against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). Where a plaintiff fails to identify a specific policy, custom, or practice that caused the alleged constitutional violation, the claims against the municipality must be dismissed. *See Costello v. City of Burlington*, 632 F.3d 41, 49 (2d Cir. 2011). As the Report correctly found, even if read liberally, and even considering the additional allegations Plaintiff includes in his letter in opposition, Plaintiff's complaint fails to allege any facts showing that his transfer back into isolation, deprivation of recreational time, or inability to attend his court date was the result of a policy, custom, or practice that caused the alleged constitutional violation.

In his letter in opposition, Plaintiff requests leave "to [amend] these separate incidents all into one." (Letter in Opp'n.) The Report properly construed this as "a request for leave to amend the Complaint to allege the additional facts included in Plaintiff's opposition." (Report at 15.) Federal Rule of Civil Procedure 15(a) provides that a district court may grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). "A district court has broad discretion in determining whether to grant leave to amend." *Perez v. 117 Ave. of the Ams. Food Corp.*, No.

5

15 Civ. 8151 (JPO), 2016 WL 5415090, at *1 (S.D.N.Y. Sept. 27, 2016) (quoting *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000)). The Report properly found that Plaintiff's request to amend his complaint should be granted, particularly when considering that Plaintiff is a *pro se* litigant. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("*[P]ro se* plaintiffs should be granted special leniency regarding procedural matters."). Plaintiff's request to amend his complaint is therefore granted.

## IV. CONCLUSION

Magistrate Judge Freeman's Report is ADOPTED. The City's motion to dismiss, (ECF No. 14), is GRANTED and Plaintiff's request for leave to amend his complaint is GRANTED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
February 26, 2020

SO ORDERED.

MAR 0 3 2020

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

6