UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FELIPE ADKINS,

                              Plaintiff,

          -against-

CITY OF NEW YORK, *et al.*,

                              Defendants.

---

19cv3628 (GBD) (DF)

**ORDER TO SHOW CAUSE**

**DEBRA FREEMAN, United States Magistrate Judge:**

In the above-captioned Section 1983 case, referred to this Court by the Honorable George B. Daniels, U.S.D.J., for general pretrial supervision and to report and recommend on dispositive motions, *pro se* plaintiff Felipe Adkins ("Plaintiff") claims that his civil rights were violated by defendants City of New York (the "City") and Security Captain Dominique Harris of the Brooklyn Detention Complex ("the BKDC") (collectively, "Defendants"), during a period in which Plaintiff was being detained at the BKDC and at another New York City Department of Corrections ("DOC") facility – the George R. Vierno Center, on Rikers Island.  Since commencing this action, however, Plaintiff has been released from custody, and it appears that he may no longer be interested in pursuing this case, as, according to Defendants' counsel, he has repeatedly – and for a significant period of time – failed to make himself available for a deposition or otherwise to take steps to prosecute the action.  For these reasons, as discussed further below, Plaintiff is hereby ordered to show cause, no later than April 4, 2022, why this Court should not recommend to Judge Daniels that Plaintiff's claims be dismissed without prejudice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff commenced this action in April 2019, by filing a Complaint against DOC and defendant Harris (Dkt. 2), but, by Order dated May 9, 2019, the Court construed the Complaint as asserting claims against the City, rather than DOC, and directed the Clerk of Court to amend the caption of the action accordingly. In August 2019, the City then moved to dismiss Plaintiff's claims against it (Dkt. 14), and this Court stayed *Monell* discovery[1] pending the resolution of that motion, although it set a schedule for other discovery (*see* Dkt. 18). On December 3, 2019, the Court received a notice from Plaintiff that he had ben released from custody and was "residing back at" the address in Brooklyn that is now shown on the Docket. (*See* Dkt. 37.) On January 3, 2020, this Court issued a Report and Recommendation, recommending to Judge Daniels that Plaintiff's claims against the City be dismissed, with leave to replead certain of those claims. (Dkt. 39.)

On January 23, 2020, counsel for Defendants wrote to this Court, and asked for an extension of the discovery deadline, as Plaintiff had neither appeared for his scheduled deposition, nor asked that it be rescheduled. (Dkt. 40.) This Court granted that extension on January 31, 2020 (Dkt. 41), and, on February 11, 2020, counsel reported that she had subsequently been able to speak with Plaintiff and that his deposition had been rescheduled for February 21, 2020 (Dkt. 42). On February 24, 2020, however, counsel reported that Plaintiff had

---

[1] Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), a municipality may, in certain circumstances, qualify as a "person" under Section 1983, such that it may be subject to suit. *See Monell*, 436 U.S. at 690-91. To bring a municipality within the reach of Section 1983, a plaintiff must show "(1) the existence of an officially-adopted 'policy, custom, or practice' and (2) a direct and deliberate causal connection between that 'policy, custom, or practice' and the violation of plaintiff's federally-protected rights." *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) (citing *Board of Cnty. Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403-04 (1997); *Monell*, 436 U.S. at 694)).

again failed to appear for the deposition and that counsel had since been unable to reach him,

despite repeated efforts; for this reason, Defendants requested a second discovery extension.

(Dkt. 44.)

On March 3, 2020, Judge Daniels issued a Memorandum Decision and Order, adopting

this Court's January 3, 2020 Report and Recommendation, dismissing Plaintiff's claims against

the City and affording Plaintiff leave to amend his Complaint to replead particular claims

(Dkt. 45), although Plaintiff never did so (*see generally* Dkt.).  Also on March 3, 2020, this

Court issued an Order by which it again extended the discovery deadline.  (Dkt 46.)  By that

Order, this Court also scheduled a case management conference; informed the parties that, if

Plaintiff had still not been deposed by the date of the conference, then it would set a date certain

for the deposition; and cautioned Plaintiff that his "continued failure to appear for his deposition,

once rescheduled, may also result in his being sanctioned, including, but not limited to, his being

ordered to reimburse Defendants for any costs (including court reporter fees) incurred by

Defendants in connection with arranging for the deposition."  (Dkt. 46.)  In addition, this Court

included the following language in its March 3, 2020 Order:

> As a general matter, Plaintiff is cautioned that he needs to
> cooperate in the discovery process, to participate meaningfully in
> this action, and to keep the Court apprised as to how he may be
> reached, so that this case can be moved forward.  If this Court
> determines that it is unable to supervise this matter effectively,
> either because of Plaintiff's failures to appear for scheduled
> proceedings or because of any failure by Plaintiff to update his
> contact information with the Court upon any change of his
> residence or phone number, then this Court may recommend to
> the Honorable George B. Daniels, U.S.D.J., to whom the case is
> assigned for trial, that Plaintiff's case be dismissed for failure to
> prosecute.

(*Id*. (emphasis in original).)

On March 18, 2020 (which was at the start of the COVID-19 outbreak in New York

City), Plaintiff appeared by telephone for the scheduled conference before this Court, and this

Court urged the parties to proceed with Plaintiff's deposition by remote means.  On May 18,

2020, after this Court had granted a third extension of the discovery deadlines because of

difficulties encountered by counsel for the City as a result of the pandemic (*see* Dkts. 50, 51),

Defendants' counsel wrote to inform this Court that, "in light of the ongoing public health

crisis," Defendants had not yet rescheduled Plaintiff's deposition, adding that counsel had again

been unable to reach Plaintiff, but would "continue to make efforts to contact him."  (Dkt. 52.)

On May 26, 2020, counsel again wrote to this Court, asking for a fourth discovery extension

because of the pandemic and because, "while [counsel] ha[d] repeatedly attempted to contact

Plaintiff *pro se* to determine his availability for, and his ability to particulate in, a remote

deposition, to date, [counsel] ha[d] not been able to reach Plaintiff, and no remote depositions

ha[d] been scheduled."  (Dkt. 53.)

By Order dated June 9, 2020, this Court recounted the history described above, and ruled

that, although it would no longer grant any overall extension of the discovery deadline,

Plaintiff's deposition could be completed any time up to July 16, 2020.  (*See* Dkt. 54.)  In that

Order, this Court also again cautioned Plaintiff regarding the need to keep the Court apprised of

his contact information, and again expressly warned him that, if he failed to do so, "or if he

fail[ed] to cooperated with defense counsel in making arrangement for his deposition to be

conducted by July 16, 2020, then this Court may recommend to Judge Daniels that this case be

dismissed for failure to prosecute."  (*Id.*)

On October 1, 2020, Defendants' counsel wrote to the Court, stating, *inter alia*:

> After the Court's [June 9, 2020] Order was issued, I repeatedly
> attempted to contact Plaintiff to schedule his deposition.  My call

4

> log indicates that I attempted to contact Plaintiff by telephone no
> fewer than six times between June and July. I was not able to
> reach Plaintiff until shortly before July 16, 2020, at which time
> Plaintiff confirmed that his mailing address had not changed, but
> could not explain why he had not responded to this Office's
> written communications, or returned this Office's telephone calls.
> As a result of Plaintiff's failure to cooperate with efforts to
> schedule his deposition, this Office was unable to conduct
> Plaintiff's deposition within the time set by the Court.
>
> On October 1, 2020, I again attempted to contact Plaintiff to
> determine his availability for, and ability to participate in, a remote
> deposition. I was not able to reach Plaintiff.

(Dkt. 55 (also noting, in a footnote, that, when counsel tried to call Plaintiff in June and July,

counsel was unable to leave a message because Plaintiff's voicemail inbox was "left full").)

This case then remained dormant for more than a year. By Order dated January 24, 2022,

this Court directed Defendants "to make reasonable efforts to contact Plaintiff, and to provide an

updated status report on this case, jointly with Plaintiff, if possible, no later than [February 4,

2022]." (Dkt. 56.) In response to that Order, Defendants' counsel wrote to this Court on

February 4, 2022, stating that Plaintiff had never made himself available for a deposition, and

had not contacted counsel for well over a year. (Dkt. 57.) Counsel also described the nature of

his recent efforts to contact Plaintiff, which included (1) sending him a letter by overnight UPS

(which, according to UPS tracking information, was apparently delivered), advising Plaintiff of

the need to submit a joint status report, and asking that he respond to the letter; and (2) on three

separate occasions in January and February 2022, attempting to contact Plaintiff by telephone,

each time leaving him a voicemail message with counsel's contact information. (*Id*.)

According to counsel, Plaintiff did not respond to any of these outreach efforts. (*Id*.) Under the

circumstances, Defendants requested that the Court either dismiss Plaintiff's claims or direct him

to show cause why the action should not be dismissed for failure to prosecute. Plaintiff has filed no response.

## DISCUSSION

A plaintiff has a general obligation to prosecute his case diligently and to permit discovery in accordance with the Federal Rules of Civil Procedure, and, if he fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *see also, e.g.*, *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (finding that "[a] plaintiff's lack of diligence alone is enough for dismissal" (citation omitted)). The Court need not wait for a motion to dismiss, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), and is not required to provide notice of the dismissal, *see West*, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," the Court may even dismiss an action with prejudice, where a plaintiff fails to prosecute his case, *Link*, 370 U.S. at 630-31, although dismissals with prejudice should generally be reserved for "extreme situations," *see Beaman v. Yelic*h, No. 12cv5304 (ALC) (SN), 2014 WL 1813926, at *1 (S.D.N.Y. May 6, 2014) (internal quotation marks and citation omitted).

In deciding whether to dismiss an action for failure to prosecute, the court should consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson*,

*Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).  "Generally, no one factor is dispositive," *Williams v. Kelly*, No. 11cv9607 (PAC) (KNF), 2014 WL 630654, at *3 (S.D.N.Y. Feb. 18, 2014) (citing *Nita*, 16 F.3d at 485), and the sanction of dismissal should be considered "in light of the record as a whole," *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citation omitted).

In this action, even taking into account Plaintiff's *pro se* status, the relevant factors weigh in favor of dismissal.  First, this case has now lain dormant for over a year with no communication from Plaintiff.  Further, according to Defendants' counsel, Plaintiff twice failed to appear for his scheduled deposition and then consistently failed to respond to repeated efforts by counsel to contact him to reschedule the deposition or to secure his cooperation in providing this Court with a joint report, as directed.  Second, Plaintiff was expressly cautioned by the Court, on two separate occasions, that his Complaint could be subject to dismissal if he failed to appear for a deposition or otherwise to take diligent steps to prosecute this action.  (*See* Dkts. 46, 54.)  Third, Defendants cannot meaningfully defend this action if they are unable to depose Plaintiff or even contact him.  *See Grace v. New York*, No. 10cv3853 (LTS) (GWG), 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010) (noting that "[c]ourts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears" by failing to provide contact information where he or she can be reached) (collecting cases), *report and recommendation adopted*, 2010 WL 4026060 (Oct. 14, 2010).  Fourth, as to docket management, "it is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that [Plaintiff] will reappear in the future."  *Blake v. Payane*, No. 08cv0930 (PAC) (PED), 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011) (internal

quotation marks, citation, and brackets omitted).  Finally, where Plaintiff's lack of cooperation in

discovery has extended for as long as it now has, it is difficult to see how a lesser sanction than

dismissal would be effective.

     This Court, however, is uncertain as to whether Plaintiff even wishes to continue to

prosecute this matter, and it notes that there may be reasons why he has not been in touch with

the Court or responded to counsel.  Especially as Plaintiff is proceeding *pro se*, he should be

given an opportunity to be heard before his claims are dismissed under Rule 41(b).

### <u>CONCLUSION</u>

     For the reasons stated above, <u>Plaintiff is hereby ORDERED to show cause, in writing, no

later than April 4, 2022, why this Court should not recommend to Judge Daniels that he dismiss

the Complaint, without prejudice, under Rule 41(b), for failure to prosecute.</u>  Plaintiff's response

should be mailed to the Court's *Pro Se* Office, at the following address:

> *Pro Se* Intake Unit
> United States Courthouse
> 40 Foley Square, Room 105
> New York, NY  10007

All papers submitted by Plaintiff must contain the title of this action and the case number, in

other words:  Adkins *v. City of New York, et al.*, 19cv03628 (GBD) (DF).  Plaintiff's response

should explain any problems he may be having with prosecuting his case, communicating with

Defendants' counsel, or appearing for a deposition.

     The Clerk of Court is directed to mail a copy of this Order to Plaintiff, at the address

reflected on the Docket and shown below.  If, at any time, counsel for Defendants becomes

aware of any other address at which Plaintiff may be reached, then counsel is directed to mail a

copy of this Order to Plaintiff at that address, and to file proof of such mailing on the Docket of

this action.

Dated:  New York, New York
        March 7, 2022

                                        SO ORDERED

                                        _____
                                        DEBRA FREEMAN
                                        United States Magistrate Judge

Copies to:

Mr. Felipe Adkins
1236 Pacific Street, Apt. 5B
Brooklyn, NY  11216
Defense counsel (via ECF)