**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FELIPE ADKINS.,                                               :

                    Plaintiff,                      :

                                 :

        -against-                                    :

                                 :      MEMORANDUM DECISION

CITY OF NEW YORK, DOMINIQUE HARRIS,   :          AND ORDER
*Security Captain at the Brooklyn Detention*               :

*Complex,*                              :      19 Civ. 3628 (GBD) (VF)

                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Plaintiff Felipe Adkins brings this action against Defendants City of New York and Security Captain Dominique Harris of the Brooklyn Detention Complex (the "BKDC") claiming that his civil rights were violated when he was detained at BKDC and another facility of the New York City Department of Corrections ("DOC") on Rikers Island. (Compl., ECF No. 2.) Before this Court is Magistrate Judge Valerie Figueredo's Report and Recommendation (the "Report") recommending that Plaintiff's complaint be dismissed for a failure to prosecute pursuant to Rule 41(b). (The Report, ECF No. 59, at 1.) After reviewing the Report for clear error and finding none, the Report is ADOPTED in full.

    A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Magistrate Judge Figueredo did not err in finding that Plaintiff's case merits dismissal for a failure to prosecute. The Court must consider five factors to determine whether dismissal pursuant to Rule 41(b) is appropriate: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

As the Report makes clear, all five factors weigh in favor of dismissing the case. First, the record demonstrates that "Plaintiff has taken no action in this case since appearing for a telephonic conference on March 18, 2020, well over two years ago." (Report at 7.) Not only has Plaintiff failed to take action, "Plaintiff has failed to appear twice for his scheduled deposition, has consistently failed to respond to repeated efforts by defense counsel to contact him to reschedule the deposition, has ignored the Court's order that he make himself available for a deposition prior to July 16, 2020, and has not responded to the Court's March 7, 2022 Order to Show Cause." (*Id.*) The Court expressly warned Plaintiff on two separate occasions that his inaction, and especially his failure to appear for a deposition, could result in his Complaint being dismissed. (*Id.* at 8.) Magistrate Judge Figueredo did not commit a clear error in finding that Defendant cannot proceed in a case in which Plaintiff not only fails to take any action, but does not even appear for his own deposition after Defendant made numerous efforts to contact the Plaintiff. (*Id.*) As for the fourth and fifth factors, having a case continue when Plaintiff has exhibited non-compliant behavior for an extended period of time is a waste of judicial resources, and lesser sanctions clearly would not be effective. (*See* Report at 9.)

Therefore, the Report is adopted in full and this case is dismissed.  The Clerk of Court is directed to mail a copy of this Order to Plaintiff, at the address reflected on the Docket.  The Clerk of Court is also directed to close the case.

Dated: New York, New York
       September 26, 2022

                                      SO ORDERED.

                                        GEORGE B. DANIELS
                                        United States District Judge